# UNITED STATES DISTRICT COURT
for the

__MIDDLE__ District of __Florida__

__Jacksonville__ Division

| | |
|---|---|
| __Isaac Brown__ <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> __Municipality of Jax Sheriff Office & Police Dept & Dept of Children & Family Services.__ <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | Case No. __3:23-CV-537-BJD-LLL__ <br> *(to be filled in by the Clerk's Office)* |

## AMENDED
## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I. **The Parties to This Complaint**

    A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

    Name: Isaac Brown #6181090
    All other names by which you have been known:
    ID Number:
    Current Institution: Fla. Civil Commitment Center
    Address: 13619 S.E. Highway 70, Arcadia, Fla. 34266

    City / State / Zip Code

    B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
    Name: Municipality of Jax Sheriff Office & Police Dept, an governmental law enforcement entity and agency who provided protection for the public and city of Jacksonville
    Job or Title (if known):
    Shield Number:
    Employer:
    Address: 330 E. Bay St, Jax, Fla. 32202
    City / State / Zip Code
    [✓] Individual capacity   [✓] Official capacity

Defendant No. 2
    Name: Sheriff unknown is the supervisor and is responsible for the overall operation of the Jax Sheriff Office & Police Dept
    Job or Title (if known):
    Shield Number:
    Employer:
    Address: 330 E. Bay St, Jax, Fla. 32202
    City / State / Zip Code
    [✓] Individual capacity   [✓] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: Ashley B. Moody, Attorney General,
Job or Title (if known): Attorney General Office, The Capitol-
Shield Number: PL01, Tallahassee, Fla. 323299-1050
Employer:
Address:

| City | State | Zip Code |

☑ Individual capacity  ☑ Official capacity

Defendant No. 4
Name: Jordan Bryan, Senior Assistant
Job or Title (if known): Attorney General, The Capitol-PL01
Shield Number: Tallahassee, Fla. 323299-1050
Employer: Archie F. Gardner, Appellate Counsel,
Address: & Public Defender, Leon Co. (These 301 S.
Monroe St, Tallahassee, Fla. 32301

| City | State | Zip Code |

☑ Individual capacity  ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Racial Discrimination Complaint under 42 U.S.C. 1981 & 2000 (a)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Claim (1)

The Municipality of Jax Sheriff Office & Police Dept, authorization, policy, and practice to conduct a reversed sting operation known as (buy bust) in the community to deterrent street-level drugs dealers from selling crack cocaine, by the help of confidential informant and undercover police officers, to meet a quota of percentage of drugs arrest among low-income and unemployed black citizens, is biased upon racial profiling and discriminatory raced based agenda, by using inducement and manipulated tactic against black citizens, to engaged into a crack cocaine drugs transaction, and then subject them to arrest and malicious prosecution because of their race.

On or about July 8, 2017, in Jacksonville Fla, the plaintiff was subject to unlawful and arbitrary arrest upon an all white reversed sting operation known as (buy bust) and charged with sale & delivery of cocaine, when he was approach by three white undercover police officers, who used inducement and manipulated tactic to pursuaded him to engaged into a crack cocaine drugs transaction, and then subject to arrest and malicious prosecution because of his race.
See: motion for class certification.

<u>Claim (2)</u>: The Secretary of Dept of Corrections, official engaged in conspiracy to commit fraud and obstruction of justice, upon the pendency of his direct appeal by prolonging to filed a response and answer brief, that provided false, inaccurate, and mis-leading information which prolong the filing of motion for post-conviction relief, and petition for writ of habeas corpus <u>28 U.S.C. 2254</u>, which became "moot" and was based upon discriminatory raced biased agenda.

Plaintiff contends, during the pendency of his direct appeal, that was pending in the <u>First District Court of Appeal</u> on/or about Sept 11, 2019, there was a dispute which was whether his appellate counsel was ineffective for his failure to seek discretionary review during the window-period upon the case in <u>William v State</u> 203 So. 3d 1020 (Fla. 2d.D.C.A. 2016) that was pending for review and being decided by the Fla. Supreme Court. see: <u>Molina v State</u> 150 So.3d 1280, 1282 (Fla.3d.D.C.A. 2014)

Plaintiff contends, this proceeding was initiated upon the filing of extraordinary writ petition during the pendency of his direct appeal on/or about November 18, 2018, which was apparrently ordered by the Fla. Supreme Court, and which transfered the proceeding to the <u>First District Court of Appeal</u>, to hold further proceeding which ordered the, Attorney General Office, to filed response

and answer brief that would demonstrate whether plaintiff could benifit and obtained review during the window-period upon the issue in William v State upon the denial of motion for judgment of acquittal, upon his subjective entrapment defense, which his appellate counsel failed to raised upon direct appeal. SEE: Molina v State 150 So.3d 1280, 1282 (Fla.3d.D.C.A.2014)

## RESPONSE TO HABEAS CORPUS PETITION

However, Plaintiff contends, as a layman of law he would like to point-out to the federal court, who did provided habeas corpus review upon his claim, and for some reason went "salient" with unbelief that plaintiff was actual innocence, and could have resulted in fundamental miscarriage of justice, and he would like to resolved this scenario once again, so it would make some "sense", since the federal court could not understand the relevancy of the issue in William v State 203 So.3d 1020 (Fla.2d.D.C.A.2016) that was pending for review and being decided by the Fla. Supreme Court.

## REVIEW GRANTED

The Fla. Supreme Court granted review in the case of William v State 203 so.3d 1020 (Fla.2d.D.C.A.2016), and the issue was on review was did the trial court erred by denying motion for judgment of acquittal, based upon "self defense", which the higher court ruled and came to conclusion that the trial court erred by denying (J.O.A.) based upon the fact William, was threaten and approach by another individual (juvenile) with a firearm and threaten to shoot William, and which then a struggle begin between William and the other individual and William was able to retrieve the gun and shot the individual in the head, however which plaintiff believe the case had some relevancy upon the reason the trial court denied his (J.O.A.), upon his subjective entrapment defense, when he was approach by three undercover police officers, who repeatly ask plaintiff four time did he have crack cocaine which he said "no", which absolutely prove he was not predisposed to commit the crime, and the trial court erred denying (J.O.A.), and should have acquittaled him of the charged.

## SUMMARY JUDGMENT

However plaintiff contends, the federal court must asknowledge upon habeas review, that the, Attorney

page 3 of (A)(11)

General Office, has somewhat made an admission that there was conspiracy and wrongdoing against plaintiff during the pendency of his direct appeal, which prolong his motion for postconviction relief, and petition for writ of habeas corpus 28 U.S.C. 2254, which cause his claim to become "moot" and resulted in miscarriage of justice, and was known cruel and unusual punishment by the state official that would shock the conscience of any reasonable person. see: McBride v Sharpe 25 F.3d 962 (11th.Cir.1994)

Claim (3)

Plaintiff is filing a tax refund suit pursuant to 26 U.S.C.S 6532 (A)(1) directed to the Internal Revenue Services who illegally withheld the remaining of his 1,800.00 dollars stimulus benefit check that was awarded to him by the U.S. Government.

During the year of Oct 2, 2019, when the covid-19 epidemic swept across the State of Florida, which cause sickness, medical problem, and economic disaster among the citizen the President of United States, declared a state of emergency and awarded every citizen including prisoners, who was born in the U.S. stimulus benefit check to be able to survive through the economical disaster. by covid-19.

However during that time period on/or about Oct. 2, 2019 plaintiff was an inmate incarcerated at Columbia Corr. Inst, when the prison official provided (1040) income tax form to the inmate to be fill-out and process to be eligible to recieved the first 600.00 & 1200.00 dollars stimulus benifit check which did arrived at the correctional facility during the year of february 2, 2021, And the first stimulus benifit check was in the amount of 1200.00 dollars and when the correctional officer delivered the stimulus check in the dorm to the inmate i was unfortiately one of the inmate who did not recieved the 1200.00 dollars stimulus check.

So anyway, as time pass by the 600.00 & 1400.00 dollars stimulus check all of sudden arrived at the prison to be delivered to the inmate, and when the correctional officers delivered the stimulus check in the dorm to the inmate, i was unfortiately again one of the inmate who did not recieved the stimulus check which was very disappointing and painful, but on the 10/21/21 when i was transfere to the Fla. Civil Commitment Center, for some unknown reason i finally recieved the 1400.00 dollars stimulus benifit check that was awarded to me by the U.S. Government.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

    D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [x] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

This incident arose outside the facility and occurred in Jacksonville, Fla on/or about July 8, 2017.

    B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

C. What date and approximate time did the events giving rise to your claim(s) occur?

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I was actually false imprisoned and suffer from intentional infliction and emotional distress.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. I have experience some very severe psychological trauma and depression.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff is seeking a settlement for monetary damages in the amount of 160,000 dollars.

Plaintiff is seeking declaratory and injunctive relief based upon the fact the Attorney General Office, has waive their sovereign immunity. McBride v Sharpe 25 F.3d 962 (11th.Cir.1994)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☑ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☑ No

E. If you did file a grievance:

1. Where did you file the grievance?

2. What did you claim in your grievance?

3. What was the result, if any?

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

There is no grievance procedure or process for such claim.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

U.S.D.C. (Middle District) dismissed on/or about April 28, 2015.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) Isaac Brown
   Defendant(s) Municipality of Jax Sheriff Office & Police Dept.

2. Court *(if federal court, name the district; if state court, name the county and State)*
   U.S.D.C. (Middle District)

3. Docket or index number
   N/A

4. Name of Judge assigned to your case
   N/A

5. Approximate date of filing lawsuit
   April 15, 2015

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition. April 28, 2015

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)* Dismissed without prejudice

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? No

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes
☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/5/23

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: Isaac Brown

Prison Identification #: 6181090

Prison Address: Fla. Civil Commitment Center 13619 S.E. Highway 70, Arcadia, Fla. 34266

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Address: _____

Telephone Number: _____

E-mail Address: _____

Page 11 of 11